DIXON, Judge.
The defendant Signal Insurance Company appeals from a judgment rendered against it and in favor of the driver and two passengers injured in an accident with defendant’s insured. Defendant’s insured, Lewell D. Parr, died subsequent to the filing of the suit, and plaintiffs have abandoned their claim against him.
The accident occurred at 12:15 a. m., May 12, 1968 at Southern Avenue and Chapman Street in Shreveport. The plaintiffs were in an automobile driven by Harold H. Harr, who was turning left at the time of the collision. The Parr automobile was proceeding northerly on Southern, but without headlights.
The defendant acquiesces in the trial court’s finding that Parr was negligent, but maintains that the accident was caused by the concurring negligence of Harr.
The evidence shows that Harr exercised all the caution required by the law in executing his left turn. Southern Avenue carries four lanes of traffic. Mr. Harr observed the automobile with which he collided before he made his turn, adjacent to the curb. Since there were no lights on the automobile, Mr. Harr concluded that the car was parked and proceeded to negotiate his turn.
The defendant produced a witness, Balz-rette, who was in an automobile following Mr. Harr, and contends that, since that witness observed the Parr automobile before the collision, and knew a collision was imminent, then Harr should have seen as much. It is on this witness’s testimony that the defendant attempts to cast the plaintiff with contributory negligence.
The trial judge did not interpret the testimony of this witness as establishing the plaintiff’s contributory negligence, nor do we. Although Balzrette saw the car without the lights before the collision, he could not testify how far away the unlighted vehicle was from the plaintiff’s car. Considering the foliage of the trees overhanging the street, the misty rain that night, and the fact that Parr’s automobile had no lights on it of any nature, we agree with the finding of the trial judge that Harr was free of negligence in making his turn.
The trial court awarded the plaintiff Harr $350.00, his wife Otha $2000.-00 and the passenger Rita Nell Avery, whose claim was settled prior to this appeal, $500.00 for personal injuries. An award in favor of Harr for $189.50 for special damages is not criticized by the appellant. Harr suffered a brush burn of the left scapula and a minor sprain of his right shoulder. He lost two days’ work and was troubled for about a week afterward.
Mrs. Harr was an obese woman. She suffered a hematoma over the right del-toid muscle and strain of her neck and back. She suffered considerable pain, and was confined to her bed for about two weeks. She still suffered some pain from the accident at Christmastime, and even at the period of the trial had some complaint with her neck and back.
The record amply supports the awards made by the trial court for these injuries.
The judgment of the district court is affirmed at the cost of the defendant.